CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
NOV 23 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:14CR00026 |
| | ) | (CASE NO. 7:16CV81197) |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HEATHER RENE GRAVELY, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Defendant Heather Rene Gravely, a federal inmate proceeding without counsel, filed two letters/motions, asking for sentencing reductions. Specifically, Gravely asked for removal of the firearm enhancement and for a reduction under Amendment 794 to the sentencing guideline regarding minor role enhancements. Gravely was sentenced in this court in late December 2015. She cites no authority for the court to remove the firearm enhancement several months after entering the Judgment, and Amendment 794 took effect on November 1, 2015, before Gravely was sentenced. See 18 U.S.C. § 3582(c)(2) (authorizing reduction based on retroactive post-sentencing guideline amendment). Based on a possibility that Gravely intended to challenge the validity of her current criminal sentence as imposed, however, and because she had not yet pursued a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, the court construed her letters/motions jointly as a § 2255 motion. This conditionally filed § 2255 action must now be dismissed without prejudice.

As stated, Gravely was convicted in this court and sentenced in late December 2015. She did not appeal. On October 4, 2016, the court issued an order, notifying Gravely that her motions seeking sentence reductions had been conditionally filed as a § 2255 motion and directing her to submit within *ten days* an objection to the court's construction of these motions as a § 2255 motion or to submit an amended § 2255 motion, stating her claims for relief. See

Castro v. United States, 540 U.S. 375 (2003) (finding district court must offer defendant opportunity to agree to court's stated intention to address his post-conviction motion as his initial § 2255 motion). The October 4 order stated that "[f]*ailure to comply with this Order will result in the dismissal of the conditionally filed § 2255 action without prejudice.*"

The allotted time for submission of the objection or the § 2255 motion passed without a response from Gravely. Accordingly, the court will dismiss the conditionally filed § 2255 action without prejudice. An appropriate order will issue this day.

The court notes that on November 7, 2016, more than a month after the court's conditional filing order and well outside the ten-day time limit, Gravely submitted a § 2255 motion. The court will direct the clerk to docket this motion as a new and separate § 2255 action that will go forward, unaffected by the court's dismissal of the earlier, conditionally filed § 2255 action.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 23rd day of November, 2016.

                                                             /s/ Glen Conrad
                                        Chief United States District Judge