CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 7 2017

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:14CR00026-09 |
| | ) | (Civil Action No. 7:16CV81212) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HEATHER RENE GRAVELY, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

Heather Rene Gravely has moved to vacate, set aside, or correct her federal sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, and the time allotted for Gravely to respond has expired, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Gravely's motion to vacate will be denied.

## Background

On June 19, 2014, a grand jury in the Western District of Virginia returned a superseding indictment against Gravely and ten codefendants. Count One of the superseding indictment charged the defendants with conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. On October 7, 2014, Gravely entered a plea of guilty to the conspiracy count, pursuant to a written plea agreement.

In preparation for sentencing, a probation officer prepared a presentence investigation report ("PSR") that summarized the offense conduct. According to the PSR, an investigation conducted by the Drug Enforcement Administration revealed that from 2011 through May 5, 2014, the defendants named in the superseding indictment, including Gravely, were involved in a conspiracy to distribute large quantities of methamphetamine in the Western District of Virginia

and elsewhere. Gravely lived with codefendant Cristian Perez ("Cristian"), who supplied methamphetamine to both indicted and unindicted co-conspirators. Gravely was primarily responsible for driving Cristian to pick up and deliver methamphetamine, and for depositing drug proceeds into various bank accounts.

The record establishes that Cristian and other members of the conspiracy were known to possess firearms. Cristian was arrested in March of 2014. Cristian's brother, codefendant Gerardo Perez ("Gerardo"), was with Gravely when she learned of Cristian's arrest. Gerardo subsequently retrieved an AR-15 assault rifle and a .38 caliber handgun that belonged to Cristian, along with $20,000 from Gravely at her residence, because Gerardo did not want Gravely getting caught with those items. Later that month, Gravely called codefendant Brandon Brown and advised him that a .38 caliber handgun, an AR-15 rifle, and two packages of methamphetamine were buried in the woods at a residence in Laurel Fork, Virginia. Brown found the methamphetamine and gave it to Gravely, but he was unable to locate the firearms.

During an interview with investigators on April 8, 2014, Gravely indicated that she knew that Cristian had purchased an AR-15 rifle approximately two weeks before his arrest. Gravely also reported that codefendant Silvano Perez ("Silvano") possessed two AK-47 rifles, a small purple handgun, and another semi-automatic firearm. The investigators subsequently confronted Gravely about the methamphetamine in her possession. Gravely advised the investigators that she was afraid to divulge any information about the methamphetamine. She then took the investigators to the location of the methamphetamine and turned it over to them.

Brandon Brown was interviewed on August 15, 2014. During the interview, Brown advised investigators that Cristian utilized the AR-15 rifle and the .38 caliber handgun for

protection, and that Cristian would carry the handgun on his person while conducting drug transactions. Brown also indicated that Gravely drove Perez to make methamphetamine deliveries on a daily basis, and that she made bank deposits for Cristian and Silvano.

Based on Gravely's involvement in the conspiracy and her knowledge of the quantities of methamphetamine distributed by Cristian, the probation officer determined that Gravely should be held responsible for 2.9 kilograms of methamphetamine, which resulted in a base offense level of 32 under the United States Sentencing Guidelines ("U.S.S.G."). The probation officer also applied a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1). The probation officer declined to apply a minor role adjustment under U.S.S.G. § 3B1.2. The probation officer also recommended that Gravely not receive credit for acceptance of responsibility under U.S.S.G. § 3E1.1.

Gravely's attorney, Paul Beers, submitted multiple objections to the PSR. In particular, counsel objected to the probation officer's recommendation that the defendant not receive a minor role reduction or a reduction for acceptance of responsibility. Counsel also objected to the application of the firearm enhancement, emphasizing that Gravely did not personally possess any firearms. After the probation officer declined to modify the presentence report in response to counsel's objections, Beers filed a sentencing memorandum in which he again argued that the defendant should not receive a firearm enhancement and that she should receive reductions for accepting responsibility and playing a minor role in the criminal activity.

Gravely appeared for sentencing on December 18, 2015. During the hearing, the court heard argument from counsel regarding the objections to the presentence report. The court ultimately determined that Gravely should receive credit for acceptance of responsibility and for

playing a minor role in the criminal activity. Accordingly, the court sustained the defendant's objections to those portions of the presentence report. However, the court overruled the defendant's objection to the firearm enhancement, since that it was "undisputed that [Gravely] understood what was taking place" and "knew that firearms were part and parcel of the conduct that was charged in the conspiracy." Sentencing H'rg Tr. 15, Docket No. 459; see also id. (emphasizing that the possession of firearms by co-conspirators "was understood, it was foreseeable, [and] it was attributable to [Gravely]").

Upon ruling on the objections to the presentence report, the court calculated a total offense level of 29. With a criminal history category of II, the defendant's advisory Sentencing Guidelines range was 97 to 121 months in prison. The court granted a substantial assistance motion made by the government and imposed a term of imprisonment of 48 months. Gravely did not appeal her conviction or sentence.

Gravely has since moved to vacate her sentence under 28 U.S.C. § 2255. Gravely argues that the court erred at sentencing by (1) applying a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1); (2) not applying a two-level role adjustment under U.S.S.G. § 3B1.2; (3) not applying a two-level reduction under U.S.S.G. § 2D1.1(b)(17) for satisfying the criteria set forth in the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2; and (4) not applying a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Gravely also argues that defense counsel provided ineffective assistance by failing to object to the firearm enhancement.

**Discussion**

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack her sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

I.    **Claims of Sentencing Error**

Gravely asserts several claims of sentencing error. "The Supreme Court has interpreted [§ 2255] such that if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks the authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Foote 784 F.3d 931, 936 (4th Cir. 2015) (quoting Davis v. United States, 417 U.S. 333, 343 (1974)). This "remarkably high bar" is "only satisfied when a court is presented with 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" Id. (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

In this case, Gravely does not identify any constitutional, statutory, or jurisdictional sentencing error. Indeed, Gravely was sentenced well below the statutory maximum term of imprisonment of 20 years under 21 U.S.C. § 841(b)(1)(C). Gravely instead argues that the court erred in applying the advisory Sentencing Guidelines.

Under existing precedent, the defendant's claims of sentencing error are not cognizable under § 2255. The United States Court of Appeals for the Fourth Circuit has made clear that "misapplication of the sentencing guidelines does not amount to a miscarriage of justice," United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999), and thus is not a viable basis for collateral relief. See Foote, 784 F.3d at 940 (holding that the defendant's claim that he was erroneously designated as a career offender under the Sentencing Guidelines was not cognizable on collateral review, since the alleged error "was not a fundamental defect that inherently results in a complete miscarriage of justice"); see also United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999) (explaining that "while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines").

Moreover, even if Gravely's claims of sentencing error were cognizable on collateral review, they would still fail for lack of merit. Turning first to the firearm enhancement, the Sentencing Guidelines direct the court to increase a defendant's base offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The United States Court of Appeals for the Fourth Circuit "has held that weapons carried by a member of a conspiracy are attributable to a co-conspirator when 'under the circumstances of the case, it was fair to say that it was reasonably foreseeable to [the defendant] that [her] co-participant was in possession of a firearm.'" United States v. Gomez-Jimenez, 750 F.3d 370, 381 (4th Cir. 2014) (quoting United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994)). Based on the evidence summarized above, which Gravely does not dispute, the court remains convinced that the firearms possessed by co-conspirators, including Cristian, were attributable to

Gravely. Accordingly, the two-level enhancement under § 2D1.1(b)(1) was appropriate in her case.

Gravely's remaining claims of sentencing error can be summarily rejected. Contrary to the allegations in her § 2255 motion, the court did, in fact, apply a two-level reduction under U.S.S.G. § 3B1.2 for playing a minor role in the criminal activity, and a three-level reduction under U.S.S.G. § 3E1.1 for accepting responsibility. Additionally, because Gravely had a total criminal history score of three points, she did not meet the criteria set forth in the safety valve provisions, and therefore did not qualify for a two-level reduction under U.S.S.G. § 2D1.1(b)(17). See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.

## II.    Claim of Ineffective Assistance

Gravely also asserts a claim of ineffective assistance of counsel. Claims of ineffective assistance are reviewed under the standard enunciated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a defendant must satisfy "two necessary components." Jones v. Clarke, 783 F.3d 987, 991 (4th Cir. 2015). First, the defendant "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, the defendant "must show that the deficient performance prejudiced the defense." Id. This requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In this case, Gravely claims that defense counsel was ineffective in failing to challenge the application of the firearm enhancement. As previously indicated, however, defense counsel

7

objected to the application of the firearm enhancement on multiple occasions, both before and during the sentencing hearing. Moreover, for the reasons set forth above, the record contained ample evidence to support the application of the enhancement. Accordingly, Gravely is unable to show that counsel's performance was deficient or prejudicial under Strickland.

## Conclusion

For the reasons stated, the court will grant the government's motion to dismiss and deny Gravely's § 2255 motion. Additionally, because Gravely has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 7th day of November, 2017.

_____
United States District Judge